# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE YOUNG, | Case No.  1:13 -cv-0817-AWI-MJS (PC) |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO PAY FILING FEE IN FULL WITHIN FOURTEEN DAYS OR DISMISSAL WILL OCCUR |
| v. | |
| A. MARTINEZ, et al., | |
| Defendants. | |

Plaintiff Eddie Young ("Plaintiff"), a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 30, 2013.  Plaintiff has failed to pay the filing fee and, for the reasons set out below, Plaintiff cannot proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

## I.    SECTION 1915(g)

Plaintiff is subject to section 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner

1  is under imminent danger of serious physical injury."[1]  28 U.S.C. § 1915(g).

2      The Court takes judicial notice of the following cases:  2:00-cv-2293-GEB-DAD

3  Young v. McCargar, et al. (E.D. Cal.) (dismissed August 12, 2002 for failure to state a

4  claim); 2:01-cv-06368-DSF-MLG Young v. Bowen (C.D. Cal.) (dismissed July 10, 2007

5  for failure to state a claim); 2:02-cv-2289-CAS-MLF Young v. Edwards (C.D. Cal.)

6  (dismissed  April 29, 2002 for failure to state a claim).  Accordingly, prior to the date he

7  filed this action, Plaintiff had at least three strikes under section 1915(g), Silva v. Di

8  Vittorio, 658 F.3d 1090, 1098-1100 (9th Cir. 2011) (dismissals must be final before they

9  count as strikes), and he is precluded from proceeding in forma pauperis unless, at the

10  time he filed suit, he was in imminent danger of serious physical injury, Andrews v.

11  Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007).

12      Pursuant to 28 U.S.C. § 1915(g), Plaintiff will only be allowed to proceed in forma

13  pauperis in this action if he is able to show he was under imminent danger of serious

14  physical injury at the time he initiated this action.

15  **II.    IMMINENT DANGER**

16          A.    Standard

17      The determination whether a plaintiff is under imminent danger of serious

18  physical injury is made based on the conditions at the time the complaint is filed,

19  Andrews, 493 F.3d at 1053, and the allegation of imminent danger must be plausible, id.

20  at 1054.

21      There must be a sufficient nexus between the imminent danger a three-strikes

22  prisoner alleges to obtain in forma pauperis status and the legal claims asserted in the

23  complaint.  See Pettus v. Morgenthau, 554 F.3d 293, 297 (2d Cir. 2009.)  "In deciding

24  whether such a nexus exists, we will consider (1) whether the imminent danger of

25  serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful

26  conduct asserted in the complaint and (2) whether a favorable judicial outcome would

27  _____

28

1  redress that injury.  The three-strikes litigant must meet both requirements in order to

2  proceed [in forma pauperis]." Id. at 298-299 (emphasis in original).

3          B.      Plaintiff's Allegations

4          In his Complaint, Plaintiff alleges claims for relief against the following

5  individuals: 1) A. Martinez, 2) S. McGregor, 3) R. Nicholas, 4) E. Coontz, 5) J. Busby, 6)

6  J. Feliciano, 7) J. Lundy, 8) R. Dominguez, 9) H. Tate, 10) B. Stowers, 11) R. Deluna,

7  12) Davis, 13) M. Toscano, and 14) K. Cannon.

8          Plaintiff alleges that these individuals violated his rights under the First, Eighth,

9  and Fourteenth Amendments.  All of Plaintiff's claims relate to incidents that occurred

10  on June 21 and 22 in 2012 at California Correctional Institution ("CCI").

11          Plaintiff's allegations are as follows:

12          On June 21 and 22 in 2012, Defendant Feliciano denied Plaintiff access to his

13  necessary medications.  Defendant Feliciano also verbally insulted Plaintiff on his

14  appearance and racial background.

15          On June 22, 2012, while being escorted from his cell, Plaintiff was subjected to

16  excessive force as a result of prison officers placing handcuffs on him and making them

17  too tight.  Plaintiff was shoved to the ground during the transport process and was

18  injured.  Plaintiff was then placed in a holding cell where he was pepper sprayed.

19  Defendants did not allow him to properly decontaminate from the pepper spray.  They

20  instead placed a spit mask over his face which made things worse.  Defendants then

21  housed him in a cell that was covered in feces and thus uninhabitable.

22          C.      Analysis

23          Plaintiff will only be allowed to proceed in this action in forma pauperis if he can

24  show he was subject to imminent danger at the time the Complaint was filed.  He does

25  not do so.

26          He does make vague reference to a potential for danger, but it is unrelated to his

27  factual allegations and claims (which relate to a series of incidents over two days in

28  2012).  Specifically, he alleges, broadly, and without specifics, that he has been

subjected to an atmosphere of hate, retaliation, poor medical care, and inadequate food and clothing.  He does not provide information sufficient to support a conclusion that he is now or was at the time the Complaint was filed actually facing imminent danger.

Thus the Court concludes that any current perceived threats are unrelated to the 2012 incidents at the center of his Complaint.  A favorable judicial action would not and could not redress the nebulous threats to which Plaintiff alludes.. See Pettus, 554 F.3d at 298-99.

Plaintiff has failed to allege sufficient facts to meet the imminent danger exception.

**III.    ORDER**

For the reasons set forth herein, it is ORDERED that:

1.    Plaintiff shall pay the $400.00 filing fee in full within fourteen (14) days from the date of service of this order; and

2.    If Plaintiff fails to pay the $400.00 filing fee in full within fourteen days, this action shall be dismissed, without prejudice.

IT IS SO ORDERED.

Dated:   October 29, 2013        /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE