# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE YOUNG,<br><br>      Plaintiff,<br><br>   v.<br><br>A. MARTINEZ, et al.,<br><br>      Defendants. | Case No.  1:13 -cv-0817-AWI-MJS (PC)<br><br>FINDINGS AND RECOMMENDATIONS FOR DISMISSAL OF PLAINTIFF'S COMPLAINT FOR FAILURE TO OBEY A COURT ORDER<br><br>(ECF No. 5)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

    Plaintiff Eddie Young ("Plaintiff") is a state prisoner proceeding pro se in this civil rights actions pursuant to 42 U.S.C. § 1983.

    On October 30, 2013, the Court found that Plaintiff was not eligible to proceed in forma pauperis status pursuant to 28 U.S.C. § 1915 because he had had three or more earlier federal actions dismissed for failure to state a claim, was subject to § 1915(g), and was not facing imminent danger of serious physical injury at the time the Complaint was filed.  (ECF No. 5.)  Plaintiff was to pay the $400.00 filing fee in full by November 13, 2013.  (Id.)

1

In lieu of submitting the filing fee, Plaintiff filed objections to the Court's October 30, 2013, order. (ECF No. 6.) Plaintiff objects on the grounds that he is currently in imminent danger and that the Magistrate Judge over stepped his authority by finding that Plaintiff was not subject to imminent danger. (Id.) Plaintiff argues that he should be entitled to greater deference as a pro se party. (Id.)

Plaintiff does not provide the Court with any new information that would enable it to conclude that Plaintiff is currently facing a threat of imminent danger and hence entitled to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

Plaintiff has failed to obey the Court's October 30, 2013, order and his case should now be dismissed.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several

1  factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's
2  need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public
3  policy favoring disposition of cases on their merits; and (5) the availability of less drastic
4  alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone,
5  833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.
6     In the instant case, the Court finds that the public's interest in expeditiously
7  resolving this litigation and the Court's interest in managing its docket weigh in favor of
8  dismissal.  The third factor, risk of prejudice to defendants, also weighs in favor of
9  dismissal, since a presumption of injury arises from the occurrence of unreasonable
10 delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir.
11 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is
12 greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a
13 court's warning to a party that his failure to obey the court's order will result in dismissal
14 satisfies the "consideration of alternatives" requirement.  Ferdik v. Bonzelet, 963 F.2d at
15 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The Court's order
16 expressly stated: "If Plaintiff fails to pay the $400.00 filing fee in full within fourteen days,
17 this action shall be dismissed, without prejudice."  (ECF No. 5.)  Thus, Plaintiff had
18 adequate warning that dismissal would result from his noncompliance with the Court's
19 order.
20     Based on the foregoing, the Court RECOMMENDS that this action be
21 DISMISSED, without prejudice, based on Plaintiff's failure to obey a court order.
22     These Findings and Recommendations are submitted to the United States
23 District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. §
24 636(b)(1). Within fourteen (14) days after being served with these Findings and
25 Recommendations, any party may file written objections with the Court and serve a
26 copy on all parties.  Such a document should be captioned "Objections to Magistrate
27 Judge's Findings and Recommendations."  The parties are advised that failure to file
28 objections within the specified time may waive the right to appeal the District Court's

order.  Martinez v. Y1 st, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: November 27, 2013     /s/ *Michael J. Seng*
                             UNITED STATES MAGISTRATE JUDGE